## MICHAEL MALONEY
*vs.*
## FRANK T. CLARK

Superior Court        New Haven County        File No. 60678

MEMORANDUM FILED MARCH 7, 1942.

T. Holmes Bracken, of New Haven, for the Plaintiff.

Nathan G. Sachs, of New Haven, for the Defendant.

BOOTH, J.   The action is to recover damages for personal injuries alleged to have been suffered by the plaintiff as a result of the alleged negligence of the defendant in the operation of a motor vehicle.

According to the evidence it appeared that on February 16, 1941, at 5:30 o'clock p.m., the plaintiff, who had been a passenger in a trolley car which had moved north on State Street in the City of New Haven, alighted therefrom with two others when the car came to a stop at the intersection of State and Humphrey Streets; that traffic at this intersection was controlled by overhead traffic lights; that as the trolley car stopped for the purpose of allowing the plaintiff and the others to alight therefrom the traffic signal at the intersection was green for traffic going north on State Street, thus permitting such traffic to proceed; that, after the plaintiff and the others had alighted from the trolley car they all proceeded to the east side of State

Street and stood upon the easterly sidewalk of State Street opposite the crosswalk awaiting an opportunity to cross to the west side of State Street; that while the aforesaid passengers were alighting from the trolley car the traffic light facing south at the intersection changed from green to red and the traffic light facing east changed from red to green indicating that north and southbound traffic on State Street should stop and that east and westbound traffic thereon might proceed; upon observing this change in the signals the operator of the trolley car caused his car to remain standing at the intersection and motioned to the plaintiff to proceed across State Street in front of the standing trolley car; that the plaintiff and at least one of the other former passengers of the trolley car thereupon left the east curb of State Street and proceeded to cross to the west side of State Street by way of the crosswalk there located; when the plaintiff had proceeded a few feet west upon the crosswalk leading from the east to the west side of State Street, the de-fendant, who at the time was operating an automobile in a northerly direction along State Street, approached the intersec-tion of State and Humphrey Streets and despite the fact that the trolley car was standing still at the southerly line of the intersection and despite the fact that the traffic signal at the intersection indicated that northbound traffic on State Street should stop at said intersection, and despite the further fact that plaintiff was already upon the crosswalk in the process of crossing State Street, the defendant continued to the north until the forward part of his automobile crossed the southerly line of the intersection and came in collision with the person of the plaintiff; that the collision threw the plaintiff to the pavement causing a fracture of the fibula in his left leg.

From this and all the other evidence in the case it is con-cluded that the conduct of the defendant in operating his auto-mobile as he did under the circumstances existing at the time and place in question was negligence and that such negligence was the proximate cause of the plaintiff's injuries.

In his pleading the defendant affirmatively alleged in sub-stance that the plaintiff was guilty of contributory negligence in that he attempted to walk from the east to the west side of State Street at a time when the traffic signal at the intersection in question was green for traffic moving north on State Street. This claim was not sustained by the evidence.

At the trial it appeared that before beginning his passage

across the street the plaintiff did not look to the south and defendant claimed that this failure constituted negligence on the part of the plaintiff. Aside from the fact that such claim was not within the issue of the pleadings as framed, such conduct on the part of the plaintiff would not constitute negligence under the existing circumstances. Section 395 of the General Statutes, Revision of 1930, provides in part, that a pedestrian started or starting across a crosswalk on a green or "Go" signal shall have the right of way over all vehicles until such pedestrian shall have reached the opposite curb or safety zone. The plaintiff was crossing across the crosswalk at the intersection. He made no attempt to cross until after the light had changed in his favor. He observed that the operator of the trolley car recognized his right to cross and he had the right to assume that any traffic moving in a northerly direction on State Street would similarly obey the law. Had traffic not been controlled by traffic signal lights it might perhaps be properly concluded that the plaintiff's failure to look to the south before starting to cross would constitute negligence, but it is the opinion of this court that a pedestrian desiring to cross a street upon a crosswalk at a street intersection where traffic is controlled by overhead traffic lights may rely upon the assumption that other traffic will obey the authority of such traffic lights and until he knows or in the exercise of reasonable care should know that the operator of a motor vehicle approaching such intersection in the face of a stop signal exhibited by such traffic lights intends to disregard such signal, it is not unreasonable conduct on his part to rely solely upon the authority of the traffic signal.

It is accordingly concluded from all of the evidence in the present case that the negligence of the defendant as hereinbefore set forth was the sole proximate cause of the plaintiff's injuries. These injuries consisted of a fracture of the fibula of the plaintiff's left leg, which injury caused him to be confined in a hospital for two weeks and to be confined in his house for two weeks further, also to employ a doctor and to lose four weeks from his work where he earned $30 weekly. The hospital and doctor services were reasonably worth $66 and his earning capacity was lessened to the extent of $120. In addition he suffered pain and discomfort for a considerable period.

In view of all the foregoing judgment may enter for the

plaintiff upon the issues of the complaint and for the plaintiff to recover of the defendant $936 damages and costs.